UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:18-cr-729

        Plaintiff,

v.   ORDER

Deshawn Reese,

        Defendant.

On June 26, 2024, I held a final hearing regarding the revocation of Defendant Deshawn Reese's term of supervised release. I found Reese to be in violation of the conditions of his supervised release, revoked his release, and ordered him to serve a term of 12 months with the Federal Bureau of Prisons. (Doc. No. 42). I further ordered that Reese's sentence be served consecutive with a sentence he received following a state-court prosecution arising from the misconduct that constituted a violation of Reese's supervised release. (*Id.*).

Reese has filed a motion to modify his sentence by applying jail time credit for time he served after being arrested until he was sentenced in state court. (Doc. No. 44).

Federal law provides that a defendant:

> shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed[,] or . . . as a result of any other charge for which the defendant was arrest after the commission of the offense for which the sentence was imposed[,] that has not been credited against another sentence.

18 U.S.C. § 3585(b)(1)-(2). The Attorney General, acting through the BOP, has the obligation to ensure a defendant is given credit for a qualifying period of prior custody. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). Moreover, a district court is prohibited from encroaching upon the Attorney General's duty to administer the sentence. *Id.* Thus, I have no authority to order the BOP to change its calculation of the time Reese is required to serve in federal custody.

Reese also complains that the case manager at his institution has not taken steps to permit Reese to be placed into a residential re-entry center prior to his release date. But I do not have the authority to order the BOP to place Reese in home confinement or in a community corrections facility as part of his sentence of incarceration; Congress reserved that power to the BOP. *See* 18 U.S.C. §§ 3621(b) and 3624(c).

For these reasons, I deny Reese's motion to modify his sentence. (Doc. No. 44).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2